## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

KENNETH L. PROPER, on behalf of himself
and all others similarly situated,

                                    Plaintiff,

-against-

CRACKER BARREL OLD COUNTRY
STORE, INC.,

                                    Defendant.

ECF

Case No. 3:14-cv-413 (MAD/DEP)


CLASS AND COLLECTIVE
 ACTION COMPLAINT

JURY TRIAL DEMANDED

Plaintiff Kenneth L. Proper ("Plaintiff"), by his attorneys, alleges this collective and class

action complaint for himself and on behalf of all others similarly situated, based upon: (i) his

own personal knowledge; (ii) his own acts and the acts and statements of the above-named

Defendant in which Plaintiff participated directly, including the communications with,

representations made, and documentation and information provided to Plaintiff by Defendant in

the ordinary course of business; and (iii) the investigation of his counsel.  Counsel's investigation

conducted on Plaintiff's behalf, included, among other things: (i) an analysis of publicly-

available news articles and reports; (ii) a review and analysis of public filings, including but not

limited to any by Defendant; and (iii) other matters of public record.  The allegations as to all

other matters, unless expressly stated to be made upon information and belief, are based upon

investigation by Plaintiff's attorneys and research of the applicable law with respect to the claims

asserted herein.

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff brings this lawsuit as a collective action under the federal Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*. (the "Collective Claim") and as a class action

pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other persons similarly situated (the "Class Claim") who suffered damages as a result of Defendant's violations of the FLSA and of the Labor Laws of the State of New York.

2.      Defendant Cracker Barrel Old Country Store's Employee Handbook states (at page 7) in pertinent part:

> **Without people, the company is just a legal entity with no life whatsoever. I guess that makes our employees the life-blood of the company. Of all the groups that make up our business, our employees are the most important group because the individuals here interact with the other groups to satisfy their needs.** The store employees interact with our guests and the rest of us are the support group for them. If they're successful in providing our guests the proper experience, then we're successful as a by-product of their success, and our guests are pleased. Let it be said, up front, that no one, as an employee of this company, is any more important than anyone else.

> **The differences in remuneration speak to the differences in responsibilities, and when egos begin to have some people thinking to the contrary – that maybe they're a little more important than someone else – then their egos have begun to cloud their judgment and cloudy judgment does not make for sound business thinking. Worse, an attitude of superiority held by anyone is disrespectful to others.**

> **The company has zero-tolerance for any employee abuse** – any one to any other – be it verbal, physical, racial or sexual**. However, firmness and demanding that we each comply with company standards should not be confused with one's being disrespectful.** The company has an open-door policy to encourage employees to report any such incidences of disrespect. **The company is obliged to make every effort to supply all employees with appropriate and adequate tools to enable each to perform the tasks required in a respectful work environment. Anything less would be disrespectful.** (emph. added).

3.      Would only Cracker Barrel employees be so fortunate to have Defendant live up to these words.  "The differences in remuneration" among Cracker Barrel employees "speak [not only] to the differences in responsibilities."  The nexus of this litigation is that Defendant Cracker Barrel has knowingly failed to pay its Associate Managers overtime compensation as

required by both federal and New York State law.  It is Defendant who has let its ego cloud its judgment and has been "disrespectful" to its Associate Managers.

4.      The persons Plaintiff seeks to represent are current and former employees of the Defendant who are or were employed by Defendant as an "Associate Manager," in the United States, on a salary basis, and concerning whom:  (i) Defendant failed to pay overtime for work performed in excess of 40 hours per week as required by laws; (ii) Defendant made unlawful deductions from their pay by impermissibly refusing to reimburse these employees for the full expense associated with using their personal vehicle during work hours for the business of Defendant; for example, refusing to reimburse New York Class members for the cost of gasoline they used in their automobile when, during work hours, they regularly drove their own cars to other Cracker Barrel Stores to pick up needed supplies; and (iii) Defendant violated New York Labor Law by failing to provide certain statutorily required written notices to Plaintiff and the New York Class members concerning their wages.

5.      The Associate Manager position is referred to herein as either "Associate Manager" or the "Covered Position."

6.      The Group and Class that Plaintiff seeks to represent are:

a.      the "Federal Collective Group" that consists of all individuals who were employed by Defendant in the Covered Position, in the United States, at any time beginning April 11, 2011, inclusive, who timely opt-in to any such collective group (the "Federal Eligibility Period"); and

b.      the "New York Class" that consists of all individuals who were employed by Defendant in the Covered Position in the State of New York at any time beginning April 11 , 2008, inclusive (the "Class Period").

7.     Defendant violated Section 207 of the FLSA, by not paying the Federal Collective Group overtime pay for a work week longer than forty hours.

8.     Defendant violated the rights of the New York Class under New York Labor Law and the New York State Labor Department's Codes, Rules and Regulations ("NYCRR") as follows:

a.     Defendant violated 12 NYCRR §142-2.2 that requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given work week.

b.     Defendant violated New York Labor Law §193(2) by impermissibly refusing to reimburse New York Class members for the full expense associated with using their personal vehicle during work hours for the business of Defendant; for example, refusing to reimburse New York Class members for the cost of gasoline they used in their automobile when, during work hours, they regularly drove their own cars to other Cracker Barrel Stores to pick up needed supplies.

c.     Defendant violated New York Labor Law §195.1(a) by failing to provide New York Class members, at the time of their hiring, with written notice of certain information concerning their wages, as required by law; and

d.     Defendant violated New York Labor Law §195.3 by failing to provide New York Class members, at the time of each payment of wages, with written notice of certain information concerning that wage payment, as required by law.

9.      As a result of Defendant's violation of the FLSA and New York Labor Law, Plaintiff and the members of the Federal Collective Group and the New York Class were illegally and grossly under-compensated for their work.

**JURISDICTION AND VENUE**

10.      This Court has jurisdiction over the claims asserted in this action pursuant to federal question jurisdiction under 28 U.S.C. §1331, the Class Action Fairness Act under 28 U.S.C. §1332(d), and supplemental jurisdiction of state law claims under 28 U.S.C. §1367.  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5 million.

11.      Venue is proper under 28 U.S.C §1391(b)(1) because the Defendant is resident in this Judicial District, and under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

12.      Plaintiff was employed by Defendant in this Judicial District.

**PARTIES**

13.      Plaintiff Kenneth L. Proper is a resident of Tioga County, New York within this District.

14.      During the Federal Eligibility Period and the Class Period, Plaintiff was employed by Defendant as an Associate Manager.

15.      Each Cracker Barrel Store had a "General Manager" who was in charge of that location.  Each Cracker Barrel location had multiple Associate Managers.

16.      Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel" or "Defendant"), during the Federal Eligibility Period and Class Period, developed, owned and operated the Cracker Barrel Old Country Store concept under the Cracker Barrel name throughout the United States, including in this Judicial District.  Each Cracker Barrel Store consists of a restaurant with a "retail" gift shop (each combined a "Store").

5

17.     The restaurant part of a Store operates a full-service restaurant, which provides breakfast, lunch, and dinner.  The retail gift shop part of the Store offers various decorative and functional items, such as rocking chairs, holiday and seasonal gifts and toys, apparel, music CD's, cookware, old-fashioned-looking ceramics, figurines, a book-on-audio sale-and-exchange program, and various other gift items, as well as candies, preserves, pies, cornbread mixes, coffee, syrups, pancake mixes, and other food items.

18.     Cracker Barrel is incorporated under the laws of the State of Tennessee, with its headquarters in Lebanon, Tennessee.

19.     As of February 2014, Defendant operated 626 company-owned locations in 42 states including New York.  None of the Cracker Barrel Stores are franchised.

20.     Each Cracker Barrel Store has one General Manager and at least three, and usually more, Associate Managers.

21.     The average number of Associate Managers per Store nationwide, upon information and belief, is more than four Associate Managers.

**FLSA COLLECTIVE CLAIM ALLEGATIONS**

22.     Plaintiff brings this action on behalf of himself and the Federal Collective Group pursuant to FLSA §216(b).

23.     At any one time, Defendant has over 2,000 Associate Managers, in the United States, in the Federal Collective Group.  The total number of present and former Associate Managers in the Federal Collective Group during the Federal Eligibility Period substantially exceeds that amount.

24.     Plaintiff is similarly situated to the other members of the Federal Collective Group because they all: (a) worked for Defendant in the Covered Position during the Federal

Eligibility Period; (b) when they held the position of Associate Manager, functioned exclusively as an Associate Manager; (c) had limited or no administrative responsibilities; (d) were and are not professionals within the meaning of the FLSA; and (e) worked overtime hours without receiving overtime compensation pursuant to Defendant's common practice, policy, or plan of unlawfully refusing to pay them overtime in violation of the FLSA.

25.     As a result, there are questions of law and fact common to Plaintiff and the Federal Collective Group; and, therefore, Plaintiff has a well-defined community of interest with and is an adequate representative of the Federal Collective Group.

26.     The following questions of law and fact common to the Federal Collective Group predominate over questions which may affect only individual members of the Federal Collective Group:

    a.     Whether Defendant failed to adequately compensate the members of the Federal Collective Group for overtime hours worked as required by the FLSA, because Plaintiff and the members of the Federal Collective Group are not exempt employees under the FLSA;

    b.     Whether the members of the Federal Collective Group have been damaged and, if so, the extent of such damages; and

    c.     Whether Defendant willfully violated the FLSA and, if so, the extent of the additional damages associated with such willful violation.

**NEW YORK CLASS CLAIM ALLEGATIONS**

27.     Plaintiff also brings this action on behalf of himself and the New York Class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Class defined as all Associate Managers employed by Defendant within the State of New York,

during the Class Period, who:  worked overtime hours without receiving overtime compensation; were not reimbursed in full for use of their personal car during their work hours for the business of Defendant, including when Plaintiff and other Associate Managers regularly drove their own car to other Cracker Barrel Stores to pick up needed supplies; or did not receive certain written notices both upon their hiring and with each payment of wages as required by New York law.

28.     Plaintiff is informed and believes that there are at least one hundred current and former Associate Manager employees who are members of the New York Class during the Class Period; thus, the New York Class is so numerous that joinder of all class members is impractical.

29.     Plaintiff is similarly situated to the other members of the New York Class because they all: (a) worked for Defendant in the Covered Position, within the State of New York, during the Class Period; (b) when they held the position of Associate Manager, functioned exclusively as an Associate Manager; (c) had limited or no administrative responsibilities; (d) were and are not professionals within the meaning of the Labor Laws of the State of New York; (e) worked overtime hours without receiving overtime compensation pursuant to Defendant's common practice, policy, or plan of unlawfully refusing to pay them overtime in violation of the laws of the State of New York; and (f) did not receive from Defendant, upon hiring and with each wage payment, certain written notices as required by New York Labor Law.

30.     There are questions of law and fact common to the Plaintiff and the other members of the New York Class, which predominate over questions which may affect only individual members of the New York Class, including:

      a.     Whether Defendant failed to adequately compensate the members of the New York Class for overtime hours worked as required by the Labor Laws of New York, including 12 NYCRR §142-2.2;

      b.      Whether Defendant violated New York Labor Law Section §193(2) by impermissibly refusing to reimburse New York Class members for the full expense associated with using their personal vehicle during work hours for the business of Defendant; for example, refusing to reimburse New York Class members for the cost of gasoline they used in their automobile when, during work hours, they regularly drove their own car to other Cracker Barrel Stores to pick up needed supplies;

      c.      Whether Defendant violated New York Labor Law §195.1(a) concerning written notice and record-keeping requirements at time of hiring;

      d.      Whether Defendant violated New York Labor Law §195.3 concerning written notice requirements to accompany each payment of wages;

      e.      Whether the members of the New York Class have been damaged and, if so, the extent of such damages; and

      f.      whether the members of the New York Class are entitled to additional amounts as liquidated damages and, if so, the extent of such liquidated damages.

31.      Plaintiff is asserting claims that are typical of the claims of the New York Class. As an employee of Cracker Barrel, which failed to pay Plaintiff and the other New York Class members overtime, failed to reimburse them for their vehicle expenses, and failed to give them required written notices, Plaintiff is asserting claims that are typical of the claims of the other New York Class members.

32.      Plaintiff thus is similarly situated to the other members of the New York Class.

33.      Plaintiff will fairly and adequately represent and protect the interests of the New

York Class and has no interests antagonistic to those of the other members of the New York Class. Plaintiff has retained attorneys who are competent and experienced in the prosecution of class and collective action litigation.

34.     Plaintiff and the other members of the New York Class have suffered damages as a result of Defendant's wrongful conduct. Because of the size of the claims of the individual members of the New York Class, few, if any, members of the New York Class could afford to seek legal redress for the wrongs complained of herein. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy between Plaintiff and the other members of the New York Class, and Defendant.

## ADDITIONAL FACTS CONSTITUTING THE CLAIMS

35.     Plaintiff has worked for Defendant as an Associate Manager of one of Defendant's Stores located within this Judicial District from approximately January 2013 through the date hereof.

36.     Plaintiff was paid a salary by Defendant.

37.     Plaintiff's duties as an Associate Manager are those performed by non-exempt employees.

38.     As an Associate Manager, Plaintiff's duties included checking the level of food production; cleaning equipment; running cash registers; seating customers; busing tables; waiting tables; working on the cooking line such as grill line backup; preparing side dishes; helping deliver meals; checking inventory; and driving his own car to other Cracker Barrel Store to pick up products of which the Store where he was working was in short supply. These duties were assigned, on a day-to-day basis, to Plaintiff by the Store General Manager.

39.     Associate Managers, including Plaintiff, however, do not have the authority, for example, to create financial projections and P&L statements for that Store, assign work

schedules for the employees at that location, and to hire or fire employees. Only a Store General Manager has the authority to do, and does, these duties.

40.     Defendant paid its Associate Managers a salary based solely on a 40-hour per week workweek.

41.     The schedule of hours which Plaintiff and the other Associate Managers were required to work each week was created and posted by the Store General Manager on a monthly basis prior to the beginning of that particular month; and, the posted monthly work schedule would invariably list the required work hours for Plaintiff and the other Associate Managers at more than 40 hours for every week and almost always at more than 50 hours per week for every week.

42.     Defendant knew that the normal course of conduct for Plaintiff and the members of the Federal Collective Group and the New York Class almost invariably included working substantially more than 40 hours per week.

43.     Defendant did not pay Plaintiff for any of his hours worked above 40 hours per week (either at straight time or overtime pay), as required by law.

44.     Defendants did not pay the members of the Federal Collective Group and the New York Class for their overtime hours worked (either at straight time or overtime pay), as required by law.

45.     Defendant knew that it was not paying Plaintiff and the members of the Federal Collective Group and the New York Class for hours worked in excess of 40 hours per week.

46.     In addition, as a result of the improper reduction in compensation from Defendants failure to pay overtime wages, the 401K contributions of members of the Federal

Collective Group and the New York Class were reduced since the level of 401K contributions depended upon their compensation.

47.     Defendant knew that its failure to pay Plaintiff and the other members of the Federal Collective Group and the New York Class for hours worked in excess of 40 hours per week reduced their 401K contributions.

48.     Plaintiff and members of the New York Class also were not reimbursed by Defendant for the full expense associated with using their car during work hours, and also for work on their days off, for the business of Defendant.  For example, Plaintiff was not reimbursed by Defendant for the trips Plaintiff made in his own car to other Cracker Barrel Stores to pick up needed supplies.

49.     Defendant knew that its failure to reimburse Plaintiff and the other members of the New York Class for expenses associated with their use of personal vehicles for Cracker Barrel business constituted a failure to pay overtime pay.

**FIRST CAUSE OF ACTION**
**Restitution for Failure to Pay Overtime to the Federal Collective Group**
**(Violation of FLSA §207 )**

50.     Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein, other than the allegations concerning only the New York Class Claim.

51.     At all times relevant to this action, Defendant has been, and continues, to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203.  At all times relevant to this action, Defendant has employed, and continues to employ, "employee[s]", including Plaintiff and the FLSA Collective Group members (although not all Group members were employed for

the whole Federal Eligibility Period).

52.　　Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.  [29 U.S.C. §207(a)(1).]

53.　　Section 207(i) of the FLSA provides an exemption from the above provision for "retail or service establishments."  The Section 207(i) exemption does not apply to the Federal Collective Group herein because less than half of the compensation of each member of the Federal Collective Group is a commission on goods or services given that each Associate Manager is paid only in salary and does not receive commissions.

54.　　Section 213(a)(1) of the FLSA provides an exemption for employees in executive, administrative or professional capacities.

55.　　The Section 213(a)(1) exemption for executive or administrative personnel does not apply to members of the Federal Collective Group since they were not responsible for the supervision of Defendant's other employees and given their primary duties as set forth above.

56.　　Plaintiff and the members of the Federal Collective Group were not "professionals" and did not perform executive or administrative functions as defined by the FLSA.

57.　　Plaintiff and the other members of the Federal Collective Group were not "professionals" as defined in 29 C.F.R. §541.300(a).  Nor did Plaintiff and the other members of the Federal Collective Group perform executive or administrative functions as defined in 29 C.F.R. §541.200(a).

58.　　The Section 213(a)(1) exemption for employees employed in a professional

capacity is inapplicable to Plaintiff and other members of the Federal Collective Group because Associate Managers are not employed in a bona fide professional capacity.

59.     The status of an Associate Manager in a Store is not a recognized profession in a field of science or learning.

60.     There is no generally recognized advanced degree from an institution of higher academic learning related to work as an Associate Manager, and even if there were, it is not generally required to have such a degree in order to become an Associate Manager of Defendant.

61.     There are no other exemptions that might be applicable to Plaintiff and members the Federal Collective Group.

62.     For purposes of the FLSA, the employment practices of Defendant were and are uniform throughout the United States, in all respects material to the claims asserted in this Complaint.

63.     As a result of Defendant's failure to pay overtime, Plaintiff and the members of the Federal Collective Group were damaged in an amount to be proven at trial.

64.     In committing the wrongful acts alleged to be in violation of the Fair Labor Standards Act, Defendant acted willfully in that it knowingly, deliberately and intentionally failed to pay overtime to Plaintiff and the other members of the Federal Collective Group.

65.     Therefore, Plaintiff demands that he and the members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus liquidated damages, interest and attorneys' fees as provided by law.

## SECOND CAUSE OF ACTION
**Restitution for Failure to Pay Overtime to the New York Class**
**(<u>Violation of NYCRR §142-2.2</u>)**

66.     Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein, other than the allegations concerning only the Collective Claim.

67.     NYCRR §142-2.2 closely tracks the language of Section 207 of the FLSA.

68.     Plaintiff and all other members of the New York Class employed by Defendant during the Class Period regularly work more than 40 hours per week, and were, or are, compensated entirely on salary, with no premium pay for hours worked in excess of 40 hours.

69.     Members of the New York Class are thus "employees" who receive "wages" within the meaning of New York Labor Law §§190(1) and 193.

70.     A Defendant bears the burden of proving that its employees fall within an exemption enumerated in 12 NYCRR §142-2.14.

71.     Because the provisions of the exemption are cumulative, each of the prerequisites must be satisfied, and thus, the absence of one of the requirements for the exemption ends the inquiry.

72.     Plaintiff and members of the New York Class do not meet the definition of an administrative employee contained in 12 NYCRR §142-2.14  and they do not "perform[] … office or non manual field work directly related to management policies or general operations of such individual's employer."

73.     Plaintiff and the members of the New York Class were not "professionals" as defined in 12 NYCRR §142-2.14(c)(4)(iii), and did not perform executive or administrative functions as defined in 12 NYCRR §§142-2.14(c)(4)(i) and 142-2.14(c)(4)(ii).

74.     There are no other exemptions potentially applicable to Plaintiff and members of

the New York Class.

75.     As a result of Defendant's failure to pay overtime, Plaintiff and the members of

the New York Class were damaged in an amount to be proven at trial.

76.     Therefore, Plaintiff demands that he and the members of the New York Class be

paid overtime compensation as required by the New York Labor Law for every hour of overtime

worked in any work week for which they were not compensated, plus liquidated damages,

interest and attorneys' fees as provided by law.

**THIRD CAUSE OF ACTION**
**Impermissible Deductions from Employees' Wages**
**(New York Labor Law §193)**

77.     Plaintiff incorporates by reference all of the allegations of all prior paragraphs as

though fully set forth herein, other than the allegations concerning only the Collective Claim.

78.     New York Labor Law expressly prohibits employers from making unauthorized

deductions from employees' wages.

79.     New York Labor Law §193 provides:

**Deductions from wages**:

1.     No employer shall make any deduction from the wages of an
employee, except deductions which:

  a.     are made in accordance with the provisions of any law or
any rule or regulation issued by any governmental agency; or

  b.     are expressly authorized in writing by the employee and are
for the benefit of the employee; provided that such authorization is
kept on file on the employer's premises. Such authorized
deductions shall be limited to payments for insurance premiums,
pension or health and welfare benefits, contributions to charitable
organizations, payments for United States bonds, payments for
dues or assessments to a labor organization, and similar payments
for the benefit of the employee.

2.     No employer shall make any charge against wages, or require an

employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

80.     Thus, Section 193 prohibits deductions from employees' wages unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee" and, (2) are limited to the enumerated categories of permissible deductions.

81.     Plaintiff never "expressly authorized" defendant to withhold wages for any purposes other than those that benefited him directly such as health care premiums or retirement funds.

82.     New York Labor Law §190(1) defines wages as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis."

83.     Deduction of overhead expenses provides a direct benefit to the employer, and only indirectly and tenuously benefits the employee. Furthermore, payment of the employer's overhead expenses certainly may not be likened to deductions for insurance or investment programs that are acceptable under the statute.

84.     Similarly, the failure to reimburse Plaintiff and the members of the New York Class their full expense associated with using their personal vehicle during work hours, and also for work on off days, for the business of Defendant, including the cost of gasoline, constitutes an improper deduction from compensation and thus a violation of Section 193(2) because the "purpose" of the 1973 amendment to section 193 of the New York Labor Law was "[t]o prohibit wage deductions by indirect means where direct deductions would violate the statute."

85.     Thus, Defendant's failure to reimburse Plaintiff and the other New York Class members their full vehicle expenses violates Section 193 because it is neither for the benefit of the employee nor of a type allowable under the statute.

86.     As a result of defendant's unlawful (albeit indirect) deductions from compensation with respect to personal vehicle expenses, plaintiff and the members of the New York Class were damaged in an amount to be proven at trial.

87.     Therefore, Plaintiff demands that Defendant reimburse any members of the New York Class the full amount of their vehicle expenses as described herein, plus liquidated damages.

**FOURTH CAUSE OF ACTION**
**Notice and Record-keeping Requirements At Time of Hiring**
**(New York Labor Law §195.1(a))**

88.     Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein, other than the allegations concerning only the Collective Claim.

89.     New York Labor Law Section 195.1(a) expressly mandates that an employer furnish every new employee, at the time of his or her hiring, a written notice containing certain information concerning their wages.  That section states in relevant part:

> **§ 195. Notice and record-keeping requirements**  Every employer shall: 1.  (a) provide his or her employees, in writing in English and in the language identified by each employee as the  primary  language  of  such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof,  whether  paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the  regular pay  day designated  by  the  employer  in  accordance  with  section one hundred ninety-one of this article;  the  name  of  the  employer;  any  "doing business  as"  names  used  by the employer; the physical address of the employer's main office or principal place of  business,  and  a  mailing address  if  different;  the telephone number of the employer; plus such

18

other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years. . . . . or otherwise complied with paragraph (c) of this subdivision, and shall conform to any additional requirements established by the commissioner with regard to content and form. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay;

90.     New York Labor Law Sec. 198.1-b sets forth the damages for a violation of

Section 195.1(a):

If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

91.     Defendant did not give, and has never given, Plaintiff the statutorily required

written notice.

92.     Pursuant to its usual policy, Defendant does not give, and has never given, New

York Class members the statutorily required written notice.

93.     As a result of Defendant's conduct, Plaintiff and the members of the New York

Class have been damaged in an amount of statutory liquidated damages to be proven at trial.

**FIFTH CAUSE OF ACTION**
**Notice Requirement to Accompany Each Payment of Wages**
**(New York Labor Law §195.3)**

94.     Plaintiff incorporates by reference all of the allegations of all prior paragraphs as

though fully set forth herein, other than the allegations concerning only the Collective Claim.

95.     New York Labor Law Section 195.3 expressly mandates that an employer furnish every employee, at the time he or she receives each payment of wages, a written notice stating certain information concerning his or her wages, including information concerning their overtime wages.

96.     Section 195.3 states:

> **§ 195. Notice and record-keeping requirements**  Every employer shall:  . . . .
>
> 3.  furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,  piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.  For all employees who are not exempt from  overtime compensation as established in the commissioner's minimum wage orders or otherwise  provided  by  New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the  number of overtime hours worked. . . .  Upon the request of an employee, an employer shall furnish an explanation  in  writing  of  how such wages were computed;

97.      New York Labor Law Sec. 198.1-d sets forth the damages for a violation of Section 195.3:

> If  any  employee  is  not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover  in  a  civil  action  damages  of  one hundred  dollars  for  each  work  week  that the violations occurred or continue to occur, but not to exceed  a  total  of  twenty-five  hundred dollars,  together  with costs and reasonable attorney's fees. The court may also  award  other  relief,  including  injunctive  and  declaratory relief, that the court in its discretion deems necessary or appropriate.

98.     Defendant did not give, and has never given, Plaintiff the statutorily required written notice that is to accompany each payment of wages including overtime wages.

99.     Pursuant to its usual policy, Defendant does not give, and has never given, New York Class members the statutorily required written notice.

100.     As a result of Defendant's conduct, Plaintiff and the members of the New York Class have been damaged in an amount of statutory liquidated damages to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and other members of the Federal Collective Group and the New York Class defined herein, pray for judgment and relief as follows:

1.     An order certifying that the action may be maintained as a collective action and a class action on behalf of the Federal Collective Group and the New York Class, respectively;

2.     On the First and Second Causes of Action, compensatory damages at one and one half times (one hundred and fifty percent) the regular rate of pay for all hours worked in excess of forty hours a week in an amount to be proven at trial;

3.     Disgorgement of profits derived from Defendant's improper use of funds due and owed to Plaintiff and the members of the Federal Collective Group and the New York Class;

4.     On the First Cause of Action under the FLSA, liquidated damages;

5.     On the Second Cause of Action under the New York Labor Law, liquidated damages;

6.     On the Third Cause of Action, compensatory damages reimbursing the New York Class the full amount of its vehicle expenses, plus liquidated damages;

7.     On the Fourth Cause of Action; statutory liquidated damages in an amount to be proven at trial;

8.     On the Fifth Cause of Action; statutory liquidated damages in an amount to be proven at trial;

9.      Reasonable attorneys' fees;

10.     Costs of this suit;

11.     Pre- and post-judgment interest;

12.     Such other and further relief as the Court may deem necessary and appropriate;

Dated: New York, New York
       April 11, 2014


                                    By:  /s/ Douglas Walter Drazen
                                    DOUGLAS WALTER DRAZEN, ESQ.
                                    2-8 Hawley Street
                                    Binghamton, New York 13901
                                    Tel:  607 723 9494
                                    Fax:  607 771 6115
                                    Email:  dwd@douglaswalterdrazen.com


                                    WOLF HALDENSTEIN ADLER FREEMAN &
                                        HERZ LLP
                                    Benjamin Y. Kaufman
                                    kaufman@whafh.com
                                    Robert B. Weintraub
                                    weintraub@whafh.com
                                    Robert Abrams
                                    abrams@whafh.com
                                    270 Madison Avenue
                                    New York, NY 10016
                                    Telephone:  (212) 545-4600
                                    Fax:  (212) 545-4653
                                    *Pending pro hac vice admission*

                                    *Attorneys for Plaintiff*

742729v13